UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.: **CV 09-01869 SJO (JCx)**      DATE: **March 30, 2010**

TITLE: **Imageline, Inc. v. Yury Mintskovsky, et al.**

================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz        Not Present
Courtroom Clerk        Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present        Not Present

================================================================
**PROCEEDINGS (in chambers): ORDER DENYING J. ANDREW COOMBS, A.P.C'S, MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF**
[Docket No. 60]

       This matter is before the Court on J. Andrew Coombs, A.P.C.'s ("Plaintiff's Counsel") Motion for Leave to Withdraw as Counsel for Plaintiff Imageline, Inc. ("Plaintiff"), filed March 15, 2010, 2009.[1] Defendants Yury Montskovsky, et al., ("Defendants") did not file an Opposition. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for April 12, 2010. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Counsel's Motion is **DENIED**.

I.     BACKGROUND

       On March 18, 2009, Plaintiff filed its Complaint against Defendants, alleging the following causes of action: (1) copyright infringement, 17 U.S.C. §§ 501, *et seq.*; and (2) alteration of copyright management information, 17 U.S.C. §§ 1202, *et seq*. (*See generally* Compl.) On the face of the Complaint, as well as on its last page, J. Andrew Coombs represents himself as attorney for Plaintiff. (*See* Compl. 1, 11.) On July 27, 2009, the parties, including Plaintiff's Counsel, appeared before the Court for a scheduling conference. (*See* Minutes of Scheduling Conference, July 27, 2009.) At the scheduling conference, the Court set the following dates: (1) last date to file a motion or stipulation to amend or add parties, August 26, 2009; (2) motion hearing cut-off, March 8, 2010; (3) pre-trial conference, April 5, 2010; and (4) trial, April 13, 2010. (*See* Minutes of Scheduling Conference, July 27, 2009.)

---

[1] Pursuant to the July 27, 2009 scheduling conference, which set March 8, 2010 as the motion hearing cut-off date, Plaintiff's Motion is untimely because it was filed to be heard on April 12, 2010. (*See* Minutes of Scheduling Conference, July 27, 2009.)

MINUTES FORM 11                                                          __ : __
CIVIL GEN                                  Page 1 of 3                       Initials of Preparer _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 09-01869 SJO (JCx)                    DATE: March 30, 2010

Plaintiff's Counsel argues that continued representation of Plaintiff, "will result in a violation of the California Rules of Professional Conduct," specifically, Rule 3-700(B)(2). (Mot. of J. Andrew Coombs A.P.C. for Leave to Withdraw as Counsel for Pl. ("Pl.'s Counsel Mot.") 3.)  Plaintiff's Counsel state that "[Plaintiff] is a member of the [Software & Information Industry Association] ("SIIA")."  (Pl.'s Counsel Mot. 3; Decl. of J. Andrew Coombs ("Coomb Decl.") ¶ 2.)  As a trade association, the SIIA "makes civil demands and/or prosecutes civil actions on behalf of member companies [like Plaintiff], whose copyrights have been infringed."  (Pl.'s Counsel Mot. 3; Coomb Decl. ¶ 3.)

"In order to prosecute claims on behalf of its member companies, the SIIA secures a power of attorney from the participating member before initiating proceedings."  (Pl.'s Counsel Mot. 3.) Plaintiff's Counsel then files actions on behalf of SIIA members, as part of the Auction Litigation Program ("ALP") and SIIA pays Plaintiff's Counsel's fees in connection with such representation. (Coombs Decl. ¶ 4.)  Plaintiff's Counsel contends that it "has acted in numerous actions, in both the Central District of California and the Northern District of California[,] in actions filed on behalf of SIIA as part of the [ALP]." (Pl.'s Counsel Mot. 3; Coombs Decl. ¶ 4.)  Plaintiff's Counsel further alleges that the instant action was filed on behalf of Plaintiff," and before "filing the instant action, the SIIA secured a power of attorney from [Plaintiff]." (Pl.'s Counsel Mot. 3-4.)

Plaintiff's Counsel states that on March 9, 2010, Plaintiff "revoked, at least in part, the power of attorney granted [to] the SIIA."  (Pl.'s Counsel Mot. 4; Coombs Decl. ¶ 5.)  Plaintiff's Counsel argues that "[t]he disagreement between [Plaintiff] and the SIIA concern[s] their respective objectives from the instant action and settlement authority." (Pl.'s Counsel Mot. 4.) Then, on March 12, 2010, Plaintiff's Counsel participated in a telephone call with Plaintiff's President, as well as SIIA's President, in order to "address the conflict which appeared to have arisen between the SIIA and [Plaintiff] regarding the prosecution of this action." (Pl.'s Counsel Mot. 4.)  Finally, Plaintiff's Counsel avers that at the time of this Order "the conflict between the SIIA and [Plaintiff] was not resolved and the power of attorney granted [to] SIIA was revoked." (Pl.'s Counsel Mot. 4.)  Accordingly, Plaintiff's Counsel seeks leave to withdraw as counsel.  (*See generally* Pl.'s Counsel Mot.)

II.     DISCUSSION

Local Rule 83-2.9.2.1 states that "[a]n attorney may not withdraw as counsel except by leave of court.  An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Local R. 83-2.9.2.1.  Additionally, Local Rule 83-2.92.4 provides that "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."  Local R. 83-2.92.4.

Here, Plaintiff's Counsel represents that principally, it owes a duty of loyalty to SIIA.  (Pl.'s Counsel Mot. 3.)  However, nowhere in Plaintiff's Counsel's papers or pleadings is this relationship

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

\_\_ : \_\_

CASE NO.: <u>CV 09-01869 SJO (JCx)</u>   DATE: <u>March 30, 2010</u>

disclosed or identified to the Court. (*See generally* Compl.) Instead, Plaintiff's Counsel's papers and pleadings all indicate that Plaintiff's Counsel is counsel for Plaintiff. (Compl. 2, 11.) Additionally, although Plaintiff's Counsel contends that "a conflict has arisen between [Plaintiff] and SIIA such that [Plaintiff's Counsel] can no longer represent either party in this matter," SIIA is not a named party in this matter, so that it is not entirely clear what Plaintiff's Counsel intends by this statement. (Pl.'s Counsel Mot. 5.) Thus, because Plaintiff's Counsel's Motion comes on the eve of trial, so that granting it would result in prejudice to Plaintiff, as well as create an undue delay in the prosecution of the case, no good cause exists to grant Plaintiff's Counsel's Motion, pursuant to Local Rule 83-2.92.4. *See* Local R. 83-2.92.4. Accordingly, Plaintiff's Counsel's Motion is **DENIED**.

III.   <u>RULING</u>

For the forgoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.